**Electronically Filed
Intermediate Court of Appeals
29386
28-SEP-2011
09:19 AM**

NO. 29386


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
GLENN T. MABSON, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 07-1-0327(4))


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Defendant-Appellant Glenn T. Mabson (Mabson) appeals from the September 5, 2008 judgment in the Circuit Court of the Second Circuit (circuit court),[1] in which he was convicted of Theft in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 708-831 (Supp. 2010) and Welfare Fraud, in violation of HRS § 346-34(b) (Supp. 2010).

On appeal, Mabson contends that the circuit court reversibly erred in failing to sua sponte instruct the jury on the "mistake of fact" defense under HRS § 702-218 (1993)[2] as to

---

[1]     The Honorable Richard T. Bissen, Jr., presided.

[2]     HRS § 702-218 provides:

> **Ignorance or mistake as a defense.** In any prosecution for an offense, it is a defense that the accused engaged in the prohibited conduct under ignorance or mistake of fact if:
>
> (1)     The ignorance or mistake negatives the state of mind required to establish an element of the offense; or

(continued...)

the welfare fraud charge and the "claim of right" defense under HRS § 708-834 (1993)[3] as to the second degree theft charge.

Allegations of erroneous jury instructions alleged on appeal but not raised below receive harmless error review.[4] State v. Nichols, 111 Hawai'i 327, 337, 141 P.3d 974, 984 (2006). Appellate courts "will vacate, without regard to whether timely objection was made, if there is a reasonable possibility that the error contributed to the defendant's conviction, *i.e.*, that the erroneous jury instruction was not harmless beyond a reasonable doubt." Id.

As to whether and when a trial court is obligated to give a jury instruction on a potential defense where the defendant has not requested the instruction, the Hawai'i Supreme Court has last opined in State v. Stenger, 122 Hawai'i 271, 226

---

[2](...continued)
> (2)    The law defining the offense or a law related thereto provides that the state of mind established by such ignorance or mistake constitutes a defense.

[3]    HRS § 708-834 provides, in relevant part:

> **Defenses: unawareness of ownership; claim of right; household belongings; co-interest not a defense.** (1) It is a defense to a prosecution for theft that the defendant:
>
> (a)    Was unaware that the property or service was that of another; or
>
> (b)    Believed that the defendant was entitled to the property or services under a claim of right or that the defendant was authorized, by the owner or by law, to obtain or exert control as the defendant did.
>
> . . . .
>
> (4)    In a prosecution for theft, it is not a defense that the defendant has an interest in the property if the owner has an interest in the property to which the defendant is not entitled.

[4]    "[A]lthough as a general matter forfeited assignments of error are to be reviewed under the [Hawai'i Rules of Penal Procedure (HRPP)] Rule 52(b) plain error standard of review, in the case of erroneous jury instructions, that standard of review is effectively merged with the HRPP Rule 52(a) harmless error standard of review because it is the duty of the circuit court to properly instruct the jury." Nichols, 111 Hawai'i at 337, 141 P.3d at 984.

P.3d 441 (2010).  In interpreting the several opinions in Stenger, this court has articulated the following standard:

> [A] trial court has a duty to *sua sponte* instruct the jury on a particular defense if: "(1) it appears that the defendant is relying on such a defense, or (2) if there is substantial evidence supportive of such a defense and the defense is not inconsistent with the defendant's theory of the case." 122 Hawai'i at 299, 226 P.3d at 469 (Moon, C.J., dissenting); id. at 281, 226 P.3d at 451 (Acoba, J.); id. at 296-97, 226 P.3d at 466-67 (Kim, J., concurring).

State v. Yue, 124 Hawai'i 196, 238 P.3d 723, 2010 WL 3705983, at *3, No. 29141 (App. Sept. 23, 2010)(SDO).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mabson's points of error as follows:

(1) Mabson argues that the circuit court reversibly erred in failing to sua sponte instruct the jury on the HRS § 702-218 "mistake of fact" defense as to the welfare fraud charge.  The undisputed facts in the record reveal that Mabson admitted that he was the only party to the Costco lawsuit and that he directed his attorney to deposit the settlement check, made out to Mabson personally, in the Epileptic Foundation of Maui ("EFM") bank account.  Evidence showed that no one other than Mabson decided what to do with the settlement check and Mabson was the only person who accessed the funds during the relevant periods.  Especially noteworthy is the undisputed fact that Mabson opened a new American Savings Bank account shortly before receiving the settlement funds, into which he directed his attorney to place these funds, and from which Mabson withdrew $20,000 in four certified cashier's checks, each made out to Mabson personally.  In light of these undisputed facts, it was not plain error to withhold a mistake of fact instruction.

Additionally, we cannot say that Mabson relied on the mistake of fact defense he now asserts on appeal.  See Yue, 2010 WL 3705983, at *3.  While Mabson asserts that a mistake of fact argument "constituted the thrust of [his counsel's] closing argument" at trial, this characterization is not supported by the

3

record. Mabson's closing argument, and his defense as a whole, focused on the notion that he did not personally benefit from the Costco settlement money, which Mabson's counsel labeled a "donation" from Mabson to the EFM, not that he did not have access to it, or that he did not believe he had access to it.

Mabson also argues on appeal that his alleged mistaken belief regarding his access to the funds was an aspect of his defense, insofar as he claims he thought EFM was substituted in his stead as the plaintiff in his suit against Costco. However, Mabson testified that EFM "weren't exactly a party" although he believed his injury also caused EFM to suffer loss. As discussed previously, Mabson's testimony revealed that he directed the placement of the settlement funds in EFM accounts and controlled the flow of those funds in and out of the EFM accounts. Given these admissions, it cannot be said that at trial he relied on a defense claiming he did not know he had access to or control over the same funds.

(2) Mabson also argues that he was entitled to a jury instruction regarding the defense of "claim of right" under HRS § 708-834 as to the second degree theft charge. In response, the State essentially agreed with Mabson based on this court's decision in State v. Stenger, 119 Hawaiʻi 336, 197 P.3d 788, 2008 WL 5413898, No. 27511 (App. Dec. 31, 2008)(SDO). After the parties submitted briefs, the Hawaiʻi Supreme Court reversed the ICA holding. In light of the supreme court's holding that claim of right cannot be used as a defense to welfare benefits theft,[5] Mabson was not entitled to a jury instruction on the claim of

---

[5] The supreme court explained that a claim of right defense must encompass some form of pre-existing ownership or possession of specific property. Because a claim of entitlement to welfare benefits amounts to nothing more than a claim that general money is owed, a defendant charged with theft of welfare benefits cannot claim ownership rights in any specific property. Stenger, 122 Hawaiʻi at 286-88, 226 P.3d at 456-58.

right defense.  See Stenger, 122 Hawai'i at 283-89, 226 P.3d at 453-59.

Therefore,

IT IS HEREBY ORDERED that the judgment entered on September 5, 2008 in the Circuit Court of the Second Circuit is affirmed.

DATED:  Honolulu, Hawai'i, September 28, 2011.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Pamela Lundquist,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5